**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **RONALD LEE JOHNSON,** § | | |
| Petitioner, § | | |
| § | | |
| VS. § | C.A. NO. C-04-291 | |
| § | | |
| **DOUG DRETKE, Director TDCJ-CID,** § | | |
| Respondent. § | | |

### MEMORANDUM AND RECOMMENDATION TO DENY RULE 60(b) MOTION FOR RELIEF FROM JUDGMENT

On March 30, 2004, final judgment dismissing petitioner's request for § 2254 relief was entered (D.E. 17). The District Court indicated that if a request for a certificate of appealability were sought, it would be denied (D.E. 18). No appeal was filed, and no certificate of appealability was sought. On March 2, 2006, petitioner moved for relief from the judgment pursuant Fed. R. Civ. P. 60(b) (D.E. 19). For the reasons discussed below, it is recommended that petitioner's motion be denied.

### APPLICABLE LAW

In the habeas context, Rule 60(b) motions are to be treated as successive habeas petitions. *Fierro v. Johnson*, 197 F.3d 147, 151 (5th Cir. 1999), *cert. denied*, 530 U.S. 1206, 120 S.Ct. 2204 (2000); *United States v. Rich*, 141 F.3d 550, 551-52 (5th Cir. 1998), *cert. denied,* 526 U.S. 1011, 119 S.Ct. 1156 (1999). If claims in a second or successive application were presented in a prior application, summary dismissal is required. 28 U.S.C. § 2244(b)(1). Petitioner presents no new claims in his Rule 60(b) motion; accordingly, summary dismissal of his successive claims and denial of his motion are appropriate.

Even if petitioner's Rule 60(b) motion is not treated as a subsequent petition and summarily dismissed, petitioner has not shown he is entitled to relief. *See Hess v. Cockrell*, 281 F.3d 212, 214-15 (5th Cir. 2002) ("While nothing on their face suggests that Rule 60(b) motions are to be seen as anything other than successive petitions, we need not decide here whether there are no circumstances under which they would not be, because relief under Rule 60(b) is, in any event, unavailable to Hess"). Rule 60(b), Federal Rule of Civil Procedure, states in pertinent part:

> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. . . .

Fed. R. Civ. P. 60(b). Petitioner claims to seek relief under subsections (1), (2), and (6), but failed to articulate any mistake, inadvertence, excusable neglect, or newly discovered evidence which entitles him to relief. He also failed to show that "extraordinary circumstances are present," which is required before relief pursuant to subdivision (6) can be granted. *Hess,* 281 F.3d at 216 (citations omitted) Petitioner merely tries to demonstrate that the judgment of the District Court is wrong. This is not an extraordinary circumstance entitling him to relief. *Id.* Petitioner is not permitted to use Rule 60(b) as a substitute for timely filing an appeal. *Id.*

## RECOMMENDATION

It is respectfully recommended that petitioner's motion for Rule 60(b) relief (D.E. 19) be denied.

Respectfully submitted this 21st day of March, 2006.

                        B. JANICE ELLINGTON
                        UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).